■ METIEL REALTY CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim Nos. 46270, 47408.) — AULISI, J. Appeal from a judgment in favor of claimant, entered November 24, 1967, upon a decision of the Court of Claims. Prior to the appropriations herein, claimant corporation was the owner of some 2.6 acres of land situate in the Town of Shandaken, Ulster County. Approximately 1.766 acres were located north of New York State Route 28 and were improved with a two-story frame tourist home together with restaurant and bar and an outdoor swimming pool. The remaining 0.834 acre located south of that highway was used as a parking lot for the tourist home's patrons and also was the site of the sanitary system which serviced the improvements. As a result of two separate takings, all of claimant's property was appropriated. Although two separate claims were filed, they were tried together and the appropriations herein were treated by both parties as a complete taking as of the date of the first appropriation. The court found that the highest and best use of the subject property was a tourist home with restaurant and bar, with a motel site on the southerly side of Route 28 to be served by the existing facilities located on the other side of that highway. The market value of the property was found to be $60,000 and since there was an entire taking, damages in that amount were awarded. The State challenges the award on the ground that the trial court improperly relied upon two specific comparable sales. The first such comparable, which the court acknowledged served as the primary basis for its award, involved the sale of hotel premises upon which were located certain income producing units, namely three stores and a law office which the State points out were not found on the subject premises. The second comparable is questioned because of the sale property's alleged doubtful comparability. Apart from the income producing stores and office, the property involved in the first comparable sale was in many respects similar to the subject property. When that sale was presented and analyzed by claim-

ant's expert, adjustments were made to reflect this income producing future as well as other specified factors. The weight to be accorded to each sale offered in evidence and an assessment of the factors and elements bearing upon the issue of comparability are properly matters within the province of the Court of Claims. Upon the present record, we cannot say that the court erred in relying upon these particular sales and, in our opinion, its award of damages should be sustained. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.